Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT F. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HUD, HOUSING AUTHORITY OF PLAINFIELD, U.S. DEPT. OF H.U.D., NEW YORK REGIONAL OFFICE, and CITY OF PLAINFIELD,<br><br>Defendants. | Civil Action No. 18-0451 (ES) (CLW)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

*Pro se* Plaintiff Robert L. Edwards ("Plaintiff") brings this action against Defendants U.S. Department of Housing and Urban Development ("HUD"), the HUD New York Regional Office ("NY HUD"), the Housing Authority of Plainfield ("HAP"), and the City of Plainfield (the "City") (collectively "Defendants"). Before the Court are motions to dismiss filed by HAP (D.E. Nos. 13 & 14) and the City (D.E. No. 18). The Court has reviewed the parties' submissions and decides the matter on the papers. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the reasons that follow, the Court GRANTS Defendants' motions.

**I.     Background**

The Court notes that Plaintiff's submissions are *not* a model of clarity. For instance, Plaintiff's Amended Complaint cross-references and incorporates his original complaint (*see* D.E. No. 3), which in turn references other attached documents (*See* D.E. No. 1 at 3 (instructing to "see

attached affidavit of facts").[1]  Plaintiff's other submissions follow this format.  In light of Plaintiff's *pro se* status, the Court gleans, as best it can, the following facts from the Complaint and the attached exhibits.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted).

*Factual Allegations.*  On August 22, 2013, Plaintiff and HAP entered into a lease agreement in which HAP leased to Plaintiff an apartment on the property located at 518 West 4th Street, Plainfield, New Jersey.  (D.E. No. 3 at 7 & 10–11 (ECF pagination)).  Plaintiff alleges that this is a "binding H.U.D. regulated lease agreement" which imposes the obligation on HAP "to maintain the dwelling unit and the project in decent, safe, and sanitary condition."  (D.E. No. 1-2 ¶ 3 (quoting 24 C.F.R. § 966.4(e)(1)).[2]

Plaintiff alleges that HAP and HUD breached this lease.  (D.E. No. 1-2 at 2).  Particularly, on or about December 14, 2013, at approximately 10:30 a.m., Plaintiff was walking on the sidewalk between 524 and 528 West 2nd Street, in Plainfield, New Jersey.  (D.E. No. 1-2 ¶ 6).  Plaintiff alleges that he then "was caused to slip & fall due to the willful and wanton conduct of

---

[1]   As such, references to the "Complaint" in this Opinion mean all these documents collectively: the original complaint (D.E. No. 1), the amended complaint (D.E. No. 3), and the affidavit of facts attached to the original complaint (D.E. No. 1-2).

[2]   At the same time, however, Plaintiff's Amended Complaint states that "the lease agreement dated 8-22-2013 is void-ab initio. . . ." (D.E. No. 3 at 7 (ECF pagination)).  Void ab initio means "[n]ull from the beginning." Black's Law Dictionary, 1604 (8th ed. 2004).  "A bargain that is void ab initio is a nullity because it is based on a promise for breach of which law neither gives a remedy nor otherwise recognizes any duty of performance by the promisor." 1 Williston on Contracts § 1:20 (4th ed.).  Therefore, if the lease is void ab initio, as Plaintiff apparently states, that would mean Plaintiff has no claim for breach of the terms of said lease.  *See id.*  In light of Plaintiff's *pro se* status, the Court will assume that Plaintiff misunderstood the meaning of this term and will rely on the assertions in his affidavit of fact (*see* D.E. No. 1-2).  *See Erickson*, 551 U.S. at 94.

[HAP], Randall Wood,[3] its agents, servants, [and] employees." (*Id.*). Plaintiff alleges that HAP, "its agents, servants, [and] employees willfully, knowingly failed to remove trip hazards, clean slippery substance from the sidewalk, and failed to warn the public and specifically" Plaintiff. (*Id.* ¶ 7). Further, he states that HAP and HUD "had actual knowledge and notice of the dangerous conditions" which "had existed for a sufficient length of time" and which were "exacerbated by the slippery substance prior to the incident." (*Id.* ¶ 8). Plaintiff does not explain what the "conditions" were or how they were "dangerous." (*See id.*). The Complaint states that shortly after the fall, an employee of HAP "called 911 emergency for incapacitated" Plaintiff. (*Id.* ¶ 9). Plaintiff alleges that as a result of the accident he fractured his ankle. (*Id.* ¶ 10).[4]

Based on these facts, Plaintiff alleges that Defendants' conduct constitutes "reckless disregard for the safety of the public [and] Plaintiff," a "systematic breach of H.U.D. regulated lease agreement" pursuant to 24 C.F.R. § 966.4, "systematic violations of H.U.D. housing standards pursuant" to 24 C.F.R. § 5.703, and a "systematic leasing of troubled and substandard housing detailed in the H.U.D. [Public Housing Assessment System] reports." (*Id.*). Plaintiff seeks $200,000 in compensatory damages, as well as punitive damages. (*Id.*).

***The State-Court Action***. On November 20, 2015, Plaintiff filed suit in the Superior Court of New Jersey alleging "(1) Negligence, (2) Breach of contract pursuant to (A) 24 CFR 966.4, (B) 24 CFR 5.703, (C) [Public Housing Assessment System,] etc." (D.E. No. 13-7 ("State Compl.") at 11 (ECF pagination)).[5] Raising almost identical factual allegations, Plaintiff sued HAP and

---

[3]     Mr. Wood is not a named defendant in this action.

[4]     The Court notes that aside from naming them as Defendants, Plaintiff's Complaint does not allege any facts implicating either the City or NY HUD.

[5]     *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 151 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.")

Randall Wood for the alleged December 14, 2013 slip and fall incident, which caused him a fractured ankle as well as pain and suffering. (*Id.* at 6–7 (ECF pagination)). Attached to the state-court complaint is an EMS report indicating that Plaintiff tripped "on ice on the sidewalk." (*Id.* at 12 (ECF pagination)).

On August 18, 2017, the Superior Court issued an order dismissing Plaintiff's complaint with prejudice pursuant to New Jersey Rule 4:13–5(a)(2). (D.E. No. 13-8). On September 25, 2017, Plaintiff appealed this decision to the New Jersey Superior Court, Appellate Division (D.E. No. 13-9), and the appeal was docketed on January 30, 2018 (D.E. No. 13-10). It appears that this appeal is still pending. (*See* D.E. No. 13-1 at 1).

***Related Administrative Proceedings.*** It appears that Plaintiff has also pursued an administrative tort action against HUD. (*See* D.E. No. 1-3 at 1(ECF pagination)). On July 14, 2017, HUD mailed a letter to Plaintiff informing him that the agency had denied his personal injury claim arising out of the December 14, 2013 slip and fall. (*Id.*). The letter informed Plaintiff that "pursuant to the Federal Tort Claims Act you may bring suit against the United States in an appropriate United States District Court no later than six (6) months" from the date of the notice. (*Id.* at 2).

***Procedural History.*** On January 11, 2018, Plaintiff filed the instant action. (D.E. No. 1). His original complaint named HAP and HUD as Defendants. (*Id.*). On January 25, 2018, Plaintiff filed an amended complaint which added the City and NY HUD as Defendants. (D.E. No. 3). The amended complaint adds few facts and incorporates by reference the original complaint. (*Id.*).

On April 17, 2018, Plaintiff filed a letter requesting default against HUD an NY HUD. (D.E. No. 10). On April 23, 2018, the United States filed a letter on behalf of HUD and NY HUD indicating that Plaintiff had failed to properly serve the United States, as required by Federal Rule

of Civil Procedure 4(i). (D.E. No. 12). To date, it appears that Plaintiff has not properly served the United States.

On April 24, 2018, Defendant HAP filed its motion to dismiss. (D.E. Nos. 13 & 14). The City then filed its own motion on May 11, 2018, which largely tracks the arguments raised by HAP's motion. (*See* D.E. No. 18).

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But a reviewing court does not accept as true the complaint's legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.").

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citations and internal quotation marks omitted).

Further, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations and internal quotation marks omitted). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## III. Discussion

### A. Claims Against HAP

HAP argues that Plaintiff's Complaint is barred by res judicata because Plaintiff previously litigated this controversy in New Jersey Superior Court, where his claims were dismissed with prejudice. (D.E. No. 13-1 at 4). The Court agrees.

"Under the [Full Faith and Credit Act] 'a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Peduto v. North Wildwood*, 878 F.2d 725, 728 (3d Cir. 1989) (quoting 28 U.S.C. § 1738). Res judicata, also known as claim preclusion, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011). It is a rule founded on the general public policy that once a court has decided a contested issue, the litigation may not be renewed in another court. *See Heiser v. Woodruff*, 327 U.S. 726, 733 (1946).

Res judicata "may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). Further, claims need not be identical in the two suits for preclusion to apply so long as there is an "essential similarity of the underlying events giving rise to the various legal claims." *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1997); *Peterson*

*v. City of Long Branch, N.J.*, No. 08-3452, 2009 WL 749589, at *6 (D.N.J. Mar. 19, 2009) (noting that res judicata "applies not only to claims brought in a previous lawsuit, but also to claims which could have been brought in that suit").

The preclusive effect of a state-court judgment in a subsequent federal action depends on the law of the state that adjudicated the original action. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999) ("To determine the preclusive effect of [the plaintiff's] prior state action we must look to the law of the adjudicating state."). New Jersey claim preclusion law, like federal law, has three essential elements: (1) a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence. *See Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Here, the first element is easily met. It is undisputed that Plaintiff filed a state-court action on November 20, 2015 (State Compl.), which was dismissed with prejudice pursuant to New Jersey Court Rule 4:23–5(a)(2) on August 18, 2017 (D.E. No. 13-8). (*See* D.E. No. 16 (Plaintiff admitting that he filed the state complaint and arguing that the state judge committed error). Dismissal with prejudice pursuant to New Jersey Court Rule 4:23–5(a)(2) constitutes a final judgment on the merits. *Feinsod v. Noon,* 617 A.2d 1234, 1234 (N.J. Super. Ct. App. Div. 1992) (holding that dismissal with prejudice under Rule 4:23–5(a) constitute an adjudication on the merits for res judicata purposes); *Albarran v. Lukas,* 647 A.2d 476, 478 (N.J. Super. Ct. App. Div. 1994) (same); *see also Gambocz v. Yelencsics,* 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial."). Additionally, under New Jersey law "the state trial court's resolution of [the matter] is 'final' for preclusion purposes" even if an appeal is pending. *In re Wilson*, 116 F.3d 87,

90 (3d Cir. 1997) (citing *Gregory Mktg. Corp. v. Wakefern Food Corp.*, 504 A.2d 828 (N.J. Super. Law Div. 1985)); *McLaughlin v. Bd. of Trustees of the Nat'l Elevator Indus. Health Benefit Plan*, No. 16-3121, 2016 WL 5955530, at *3 (D.N.J. Oct. 13, 2016), *aff'd sub nom. McLaughlin v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118 (3d Cir. 2017) ("[T]he fact that a judgment has been appealed does not affect the finality of the judgment for purposes of res judicata.").

Similarly, the second element is easily met. Like the instant matter, the state-court action was brought by Plaintiff against HAP. (*See* State Compl.); *see Peterson*, 2009 WL 749589, at *8 (finding that the second element of res judicata was met when the plaintiff's new complaint was brought against the same parties plaintiff sued in the prior case).

Lastly, the third element is also met because both suits arise out of the same transaction or occurrence. *See Watkins*, 591 A.2d at 599. A comparison of both complaints shows that the factual allegations in the present Complaint are almost verbatim the allegations raised in the state-court action. (*Compare* D.E. No. 1-2, *with* State Compl.). In fact, like the instant Complaint, the state complaint alleged that Plaintiff was caused to slip and fall due to HAP's negligent maintenance of the sidewalk, which caused Plaintiff to suffer a fractured ankle. (*See* State Compl. at 10–11 (ECF pagination)). And like the present Complaint, Plaintiff alleged that HAP was negligent and breached the lease, which is allegedly governed by the Housing Act of 1937, 24 C.F.R. § 5.703, 24 C.F.R. § 966.4 and the public housing assessment system. (*See id.*).

In opposition, Plaintiff argues that the state court erred and deprived him of his due process rights in dismissing his complaint by 1) holding an evidentiary hearing without giving him notice, 2) "permitting defendants to voluntarily dismiss their 12-15-15 fraudulent certifications supporting their new jersey tort claims act defense," 3) "manipulation of the court calendar," and 4) dismissing

his claims without providing him with an opportunity to be heard. (D.E. No. 16-1 at 8–9).[6] But these arguments raise alleged procedural deficiencies by the state trial court, and as such, they must be reviewed and adjudicated before the appropriate New Jersey appellate court, not a federal trial court. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) ("Prohibited appellate review [by a district court] consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.") (internal quotation marks omitted).

Therefore, Plaintiff's claims against HAP are barred by res judicata and must be dismissed *with prejudice*.

### B. Claims Against The City

The City argues that Plaintiff has failed to state a claim because none of Plaintiff's allegations involve any conduct by the City. (D.E. No. 18-1). The Court agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Here, reading Plaintiff's Complaint as liberally as possible—and even including Plaintiff's submissions outside of the Complaint—Plaintiff has made no allegations that would support the inference that the City had any involvement in Plaintiff's injury. Plaintiff's Complaint provides only factual allegations as to the actions taken by HAP and, to some extent, HUD. (*See* D.E. Nos. 1, 1-2 & 3). For example, Plaintiff's Complaint alleges that HAP failed to maintain the sidewalk in accordance with the requirements of the Housing Act of 1937,

---

[6] The Court notes that Plaintiff's opposition re-submits HAP's brief by stamping each page with the words "**Fraud Upon The Court**" or "**VOID AB INITIO**." (*See* D.E. No. 16). Plaintiff has done the same in his opposition to the City's motion (*see* D.E. No. 20) and in his response to the United States notice of improper service (*see* D.E. No. 19). To the extent that Plaintiff thinks this is either helpful or makes his arguments any stronger, it does not. Merely stamping a document as void or fraudulent does not make it so.

causing Plaintiff to slip and sustain injuries. (D.E. No. 1-2 ¶¶ at 6–9). He also alleges that HAP breached Plaintiff's lease agreement by violating applicable Housing Act standards (*Id.* ¶¶ 3–4, 8 & 10), and that HUD breached the lease by failing to follow its oversight duties pursuant to the Housing Act regulations. (*Id.* ¶¶ 5 & 8).

None of these allegations, however, involves the City or any actions by the City. There is no allegation that the City owns, maintains, or controls the property where plaintiff allegedly fell. Nor does the Complaint allege that the City is a party to the lease agreement in question. In fact, a review of Plaintiff's different submissions reveals that, aside from naming the City as a Defendant, Plaintiff has not alleged *anything* about the City. (*See* D.E. Nos. 1, 1-2, 3, 16 & 20). Since the Complaint does not allege that the City engaged in any acts of wrongdoing against Plaintiff that would give rise to a cognizable claim, Plaintiff has failed to state a claim and his Complaint must be dismissed. *See Iqbal*, 556 U.S. at 678; *Pushkin v. Nussbaum*, No. 12-0324, 2013 WL 1792501, at *4 (D.N.J. Apr. 25, 2013) ("[T]he Court cannot expect the Defendants to defend against claims that are not clearly and specifically alleged.").

Therefore, Plaintiff's claims against the City will be dismissed *without prejudice*.

### C. Complaint Against HUD and NY HUD

On April 23, 2018, the United States provided the Court with notice that Plaintiff had not effected proper service as required by the Federal Rules of Civil Procedure. (D.E. No. 12). Plaintiff filed an "objection" to this submission, essentially stating that HUD was estopped from raising any defenses because HUD has violated the Housing Act and related regulations. (D.E. No. 19 at 1–3). As such, Plaintiff claims he is entitled to default judgment. (*Id.* at 4).

Before the Court may enter default judgment, the clerk of court must enter default against the party in question. *See* Fed. R. Civ. P. 55. And before default may be entered against a party,

there must be sufficient evidence that the party was properly served. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."); *Petersen v. Carbon Cty.*, 156 F.3d 1244 (10th Cir. 1998) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper.").

In order to serve a United States agency, like HUD, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency. . . ." Fed. R. Civ. P. 4(i)(2). In turn, in order to serve the United States a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Further, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, on April 23, 2018, the United States provided the Court and Plaintiff with notice that Plaintiff had failed to properly serve HUD and NY HUD, a United States agency, as required by Rule 4(i). (*See* D.E. No. 12). To date, it does not appear that Plaintiff has properly served the United States. Therefore, Plaintiff is not entitled to either default or default judgment, even if

HUD violated the Housing Act and related regulations. *See* Fed. R. Civ. P. 55(a) & (b); *Gold Kist, Inc.*, 756 F.2d at 19; *Petersen*, 156 F.3d at 1244.

Further, because Plaintiff has failed to serve the United States as required by Rule 4(i), despite having notice of his failure to serve since April 23, 2018, the Court dismisses the Complaint against HUD and NY HUD *without prejudice*. *See* Fed. R. Civ. P. 4(m); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* plaintiffs are responsible for having the summons and complaint timely served on defendants because, "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants").

**IV.** **Conclusion**

For the foregoing reasons, the motions to dismiss by HAP and the City are GRANTED. Plaintiff's claims against HAP are dismissed *with prejudice*. The Complaint is dismissed *without prejudice* as to the remaining Defendants. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**